(No. 2632—

MARTIN BUSEKRUS, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed November 9, 1943.*

GEORGE DARMSTATTER AND PAUL H. REIS, for claimant.

GEORGE F. BARRETT, Attorney General; GLENN A. TREVOR, Assistant Attorney General, for respondent.

ECKERT, J.

Claimant, Martin Busekrus, a resident of the City of Belleville, Illinois, is the owner of a lot adjoining Free-

burg Avenue in the City of Belleville, on Route 13, on the "Southern Belt Line." The lot is located on the northwest corner of the intersection. Claimant alleges that after the respondent had constructed this cement highway, but before it was completed, he opened a garage on the premises, and installed gasoline pumps; that subsequently S. F. Wilson, Superintendent of Highways in charge of the office of the Division of Highways at East St. Louis, agreed to make certain improvements on the property; that the improvements were in consideration of the conveyance by claimant to the respondent of a strip of land adjoining the highway and lying between it and the property occupied by claimant. Claimant further alleges that, relying upon this agreement, he thereafter conveyed the strip of ground in question to the respondent; that after the execution and delivery of the deed, the respondent refused to carry out the agreement; and that claimant has therefore suffered damages in the sum of $2,500.00.

Claimant testified that his lot is approximately 50 x 127 feet, fronting 50 feet on Freeburg Road and 127 feet on the Belt Line; that Mr. Wilson requested he deed to the respondent a strip of ground along the Belt Line so as to make a round corner at the intersection; that in return for this strip, the respondent would lay concrete from the lot line to claimant's lunch room and garage; that the improvement agreed upon was never made; that as a result of the failure of the respondent to perform the agreement, and as a result of the improper construction of the Belt Line, the drainage at the intersection is inadequate; that rains carry away the ground in front of claimant's place of business, and at times water stands nine inches deep on his garage floor. There is also considerable testimony as to various items of damage to

fixtures in the garage as well as to the garage itself, damage resulting from inadequate drainage.

From the record it appears that the agreement of the Superintendent of Highways to improve claimant's land was made without authority, and is therefore void. (*Strandberg & Son, Co.* vs. *State,* No. 3611, decided at the September, 1943, term of this court; *Harbeck* vs. *State,* No. 3502, decided at the November, 1943, term of this court.) It remains undisputed, however, that the claimant has received nothing for the land conveyed, and nothing for any damage to that portion of his property not taken for public use. Section 13, Article 2 of the Constitution provides that "private property shall not be taken or damaged for public use without just compensation." To permit the respondent to acquire private property through unauthorized promises of its agents and employees and without compensation would be in direct derogation of the constitutional provision.

Claimant, however, is not entitled to compensation on the basis of the alleged agreement, so that there is no evidence in the record from which the court can determine claimant's damages. There is no proof of the value of the land taken, and no proof of the difference, if any, between the fair cash market value of the adjoining land just prior to the construction of the highway and just subsequent to its completion.

An award is therefore denied.